UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAHEEM MUHAMMAD,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA *et al.*,

    *Defendants*.

Civil Action No. 16-1079 (TJK)

## MEMORANDUM OPINION AND ORDER

Plaintiff Raheem Muhammad, appearing *pro se*, has brought this action against the United States and several officials and employees of the U.S. Postal Service (the "USPS") (collectively, for purposes of this motion, the "United States"),[1] as well as the District of Columbia, for alleged injuries he suffered when he slipped and fell on a sidewalk outside a Post Office located in the District of Columbia. ECF No. 1 ("Compl."). Muhammad seeks $1 million in compensatory damages. *Id.* at 13. The District of Columbia has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 9 ("DC Mem."). The United States has moved to dismiss all counts under Rule 12(b)(6), as well as Count Two under Rule 12(b)(1) for lack of subject matter jurisdiction. ECF No. 16-1 ("US Mem."). For the reasons explained below, the Court will (1) grant the District of Columbia's motion in its entirety, (2) grant the United States' motion in part and deny it in part, and (3) deny Muhammad's pending motions to

---

[1] In addition to the United States, those defendants are Postmaster General Megan J. Brennan, Former Postmaster General Patrick R. Donahoe, Postmaster of the District of Columbia Gerald Roane, and two postal employees sued as "Jane Doe Bello" and "Jane Doe." ECF No. 1 at 1-2. The United States asserts that the USPS is the only proper defendant because it is capable of being sued in its official name, *see* 39 U.S.C. § 401(1), and because "Plaintiff's remedy is sought solely from [the] U.S. Postal Service." ECF No. 16 at 1 n.1. Regardless, for purposes of this motion the Court refers to all of the federal government defendants as "the United States."

vacate certain minute orders and transfer the case.[2]

## I. Background

The Court accepts as true the facts as pled in Muhammad's complaint. On the afternoon of June 5, 2014, Muhammad slipped and fell on the "public sidewalks and . . . curbs that were directly adjacent to . . . 5636 Connecticut Avenue, NW, Washington, D.C." Compl. ¶¶ 16-17. The USPS operates a Post Office at that address. *Id.* ¶ 2. Muhammad suffered "major injuries to his head, shoulder, ribcage and etcetera." *Id.* ¶ 18. The fall "caused a hole" in his forehead, which resulted in "a massive amount" of bleeding. *Id.* ¶ 19. A passerby helped Muhammad enter the Post Office. *Id.* ¶ 20. Once inside, Muhammad asked "Defendant [Jane] Doe and/or . . . anyone else . . . to immediately call '911.'" *Id.* ¶ 22. However, Doe refused both this request and Muhammad's request to use the Post Office's bathroom. *Id.* ¶ 23. Doe instead instructed Muhammad to use the bathroom of a grocery store "located down the street." *Id.* As a result, he was "compelled to seek out 'public transportation' for his severe head injuries in order to seek

---

[2] On January 27, 2017, the Court informed Muhammad of his obligation to respond to each motion to dismiss by March 3, 2017, and the potential consequence of dismissal if he did not comply. *See* Order, ECF No. 18. On April 6, 2017, the Court denied Muhammad's motion to appoint counsel and extended the deadline for his response to May 15, 2017. *See* Order, ECF No. 20. On April 12, 2017, Muhammad filed a "Renewed Motion for an Enlargement of Time to File a Formal Response(s) to Defendant(s)['] . . . Frivolous Motion(s) to Dismiss Plaintiff's Complaint(s)," ECF No. 21, which the Court granted. The Court extended Muhammad's deadline to June 16, 2017, warning again that the case might be dismissed if he did not meet the new deadline. *See* Minute Order dated May 3, 2017. In a separate Minute Order also issued on May 3, 2017, the Court denied Muhammad's motion to remove certain attorneys from the case. On May 12, 2017, Muhammad moved to vacate both minute orders and to transfer the case to the U.S. District Court for the District of Maryland. That motion, ECF No. 24, and Muhammad's renewed motion for the same relief, ECF No. 28, are hereby denied. Because all of the alleged events giving rise to this action occurred in the District of Columbia, this venue is proper for litigating Muhammad's claims. Muhammad has not suggested any basis upon which this Court could transfer the case to the District of Maryland. *See* 28 U.S.C. §§ 1404, 1406 (authorizing the transfer of civil actions to a district where the action could have been brought).

immediate medical treatment." *Id.* ¶ 24. Muhammad attributes his injuries to Defendants' negligence in failing to maintain the sidewalk, as well as to "racism and apathy." *See id.*

In the complaint, Muhammad asserts the following claims, each against all Defendants:

- Count One: Negligence for failure to maintain the "postal facility's adjoining sidewalks; walkways and curbs, free of defects and . . . hazardous conditions," and for failure to warn "Postal Patrons and/or Postal Visitors of potentially dangerous public sidewalks and/or public sidewalks' curbs." *Id.* ¶¶ 26-27.

- Count Two: Violations of Section 504 of the Rehabilitation Act of 1973 for failure "to provide adequate and meaningful safeguards for people with physical disabilities within . . . Post Office Facilities," which caused Muhammad "to suffer major and permanent physical and/or mental injuries." *Id.* ¶¶ 42-43.

- Count Three: Intentional Infliction of Emotional Distress ("IIED") that caused Muhammad to "suffer[] and continue[] to suffer severe mental anguish and emotional and physical distress." *Id.* ¶ 50.

- Count Four: Violations of the Fourteenth Amendment through the actions of Defendant Jane Doe, who allegedly "deliberately and intentionally and unconstitutionally discriminated against Plaintiff . . . on the basis of his Islamic Religious Beliefs and/or his Physical Disabilities and/or his Race, so as to deny him equal protection of the law." *Id.* ¶ 53.

**II.   Legal Standard**

    **A.   Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *See Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). The law presumes that "a cause lies outside [the Court's] limited jurisdiction" unless the party asserting jurisdiction establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (the burden is on the party asserting jurisdiction to establish the court's subject matter jurisdiction). "As a general matter, courts should consider Rule 12(b)(1) challenges to its subject matter jurisdiction before assessing the legal sufficiency of a claim

3

under Rule 12(b)(6)." *Lempert v. Rice*, 956 F. Supp. 2d 17, 27 (D.D.C. 2013). "Because subject-matter jurisdiction focuses on the court's power to hear [a] claim," the plaintiff's factual allegations are given "closer scrutiny" than required in deciding a Rule 12(b)(6) motion for failure to state a claim. *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).

### B. Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The motion does not test a plaintiff's ultimate likelihood of success on the merits, but only requires the court to determine whether a plaintiff has properly stated a claim. *ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991). "To survive a motion to dismiss, the complaint must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' and 'must suggest a plausible scenario that shows that the pleader is entitled to relief.'" *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (citations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Jones v. Horne*, 634 F.3d 588, 595 (D.C. Cir. 2011)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

On a Rule 12(b)(6) motion, the Court must treat the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Momenian v. Davidson*, 878 F.3d 381, 387 (D.C. Cir. 2017). But the Court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), and it is "not bound to accept as true a legal

4

conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (internal quotation omitted). Although a *pro se* complaint, such as here, "must be held to less stringent standards than formal pleadings drafted by lawyers," the plaintiff still must plead "'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79).

## III. Analysis

The Court will first consider, and deny, the United States' motion to dismiss Count Two for lack of subject matter jurisdiction. The Court will then consider the United States' and the District of Columbia's motions to dismiss all claims for failure to state a claim. As explained below, the District of Columbia's motion will be granted, and the United States' motion will be granted in part (as to Counts Two and Four) and denied in part (as to Counts One and Three).

### A. Subject Matter Jurisdiction

The United States asserts that jurisdiction is lacking over Muhammad's Rehabilitation Act claim (Count Two) because he failed to exhaust his administrative remedies under the Act's "distinct remedial scheme." US Mem. at 7. The USPS has promulgated regulations implementing Section 504 of the Rehabilitation Act. *See* 39 C.F.R. pt. 255. Specifically, 39 C.F.R. § 255.6 sets out the administrative procedures for filing Section 504 complaints "alleging disability discrimination in any program or activity of the Postal Service and brought by members of the public." 39 C.F.R. § 255.6(b). Under the regulations, a complainant "shall first exhaust informal administrative procedures before filing a formal complaint" with the USPS's Vice President and Consumer Advocate and "shall exhaust the formal complaint procedures before filing suit in any other forum." *Id.* § 255.6(d).

5

The United States must clear a high bar to show that this exhaustion requirement is jurisdictional. In endeavoring to "'bring some discipline' to the use of the term 'jurisdictional,'" *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (citation omitted), the Supreme Court has "applied the following principle: A rule is jurisdictional '[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional.' But if 'Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional.'" *Id.* at 141-42 (alteration in original) (citation omitted) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515, 516 (2006)); *see Doak v. Johnson*, 798 F.3d 1096, 1104 (D.C. Cir. 2015) (following "recent Supreme Court precedent holding that 'procedural rules, including time bars,' are jurisdictional only 'if Congress has clearly state[d] as much.'" (alteration in original) (quoting *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015))).

The United States has not cleared that bar here. "Courts have uniformly held that non-federal employees," such as Muhammad, "need not exhaust administrative remedies before bringing a private action under Section 504 of the Rehabilitation Act." *Lucas v. Henrico Cty. Sch. Bd.*, 822 F. Supp. 2d 589, 603-04 (E.D. Va. 2011) (collecting cases). Moreover, "section 504 incorporates Title VI," which "does not contain exhaustion requirements similar to those of Title VII" governing employment discrimination cases. *Milbert v. Koop*, 830 F.2d 354, 356 (D.C. Cir. 1987). The United States can point to no language in the Rehabilitation Act that bars an unexhausted Section 504 claim on jurisdictional grounds, and no case standing for that proposition. *See* US Mem. at 7. Therefore, the United States' motion to dismiss the Rehabilitation Act claim for want of subject matter jurisdiction is denied.

### B. Failure to State a Claim

The Court will first consider Defendants' 12(b)(6) motions to dismiss Muhammad's tort claims (Counts One and Three of the Complaint), which will be denied as to the United States and granted as to the District of Columbia. The Court will then consider the motions to dismiss Muhammad's Rehabilitation Act claim (Count Two) and constitutional claim (Count Four), which will be granted as to both Defendants.

#### 1. Tort Claims of Negligence (Count One) and Intentional Infliction of Emotional Distress (Count Three)

Counts One and Three of the Complaint for negligence and IIED, respectively, are brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq. See* Compl. ¶ 2; *id.* at 11; US Mem. at 5 (citing *Smalls v. Emanuel*, 840 F. Supp. 2d 23, 35 (D.D.C. 2012)); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008) ("In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees."). Under the Postal Reorganization Act, the provisions of the FTCA apply "to tort claims arising out of activities of the Postal Service." *Dolan v. USPS*, 546 U.S. 481, 484 (2006) (quoting 39 U.S.C. § 409(c)). The FTCA waives the United States' immunity as to certain torts, but a claim "shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

##### a. Against the United States

The United States argues that both of Muhammad's tort claims are untimely because he received the agency's final decision on September 1, 2015, *see* Compl. ¶ 33, but did not file this case until June 8, 2016. US Mem. at 5. But Muhammad had from the date of receipt until March 1, 2016 to initiate this action, which he in fact accomplished. The stamp in the official

7

court record shows that the Clerk of Court first received Muhammad's complaint and motion to proceed *in forma pauperis* on February 25, 2016, which is also the date the documents were signed. *See* Compl. at 1; ECF No. 2. Parties are not penalized for the court's administrative delay once an action is properly received by the Clerk. *See Guillen v. Nat'l Grange*, 955 F. Supp. 144, 145 (D.D.C. 1997) ("Litigants are not responsible for the administrative delay associated with the Court's review of petitions to proceed *in forma pauperis*."); *Hogue v. Roach*, 967 F. Supp. 7, 9 (D.D.C. 1997) ("The fact that the Clerk's Office returned the papers to plaintiff to correct deficiencies in his application is irrelevant to the issue of timeliness."); *Adeyemi v. Jones*, No. 04-cv-1684 (CKK), 2005 WL 1017859, at *1 (D.D.C. Apr. 28, 2005) ("Plaintiff is not responsible for the lapse of time between submission of his complaint and application to proceed *in forma pauperis* to the Clerk and the official filing of these papers on the docket."). Accordingly, the United States' motion to dismiss the FTCA claims as time-barred is denied.

### b. Against the District of Columbia

The District of Columbia argues that Muhammad has failed to properly allege facts that make out claims of negligence and IIED against it. *See* DC Mem. at 4-5; 7-8. The Court agrees.

### Negligence

To state a negligence claim under District of Columbia law, a plaintiff must plead facts establishing that "(1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the breach of duty proximately caused damage to the plaintiff." *Wise v. United States*, 145 F. Supp. 3d 53, 60 (D.D.C. 2015) (quoting *Tolu v. Ayodeji*, 945 A.2d 596, 601 (D.C. 2008) (other citations omitted)). When, as here, "negligence is predicated on a dangerous condition, the plaintiff must show that the defendant had actual or constructive notice of the dangerous condition." *Id.* at 61 (citing *Sullivan v. AboveNet Commc'ns, Inc.*, 112 A.3d

347, 356 (D.C. 2015); *Croce v. Hall*, 657 A.2d 307, 310-11 (D.C. 1995)). The description of the legal duty owed cannot "rest on mere 'conclusory assertions.'" *Smith v. United States*, 157 F. Supp. 3d 32, 40 (D.D.C. 2016) (quoting *Simms v. District of Columbia*, 699 F. Supp. 2d 217, 227 (D.D.C. 2010) (quoting *District of Columbia v. White*, 442 A.2d 159, 162 (D.C. 1982))).

Muhammad's negligence claim against the District of Columbia is premised on Defendants' alleged failure to maintain the "postal facility's adjoining sidewalks; walkways and curbs, free of defects and . . . hazardous conditions," and to warn "Postal Patrons and/or Postal Visitors of potentially dangerous public sidewalks and/or public sidewalks' curbs." Compl. ¶¶ 26-27. But he alleges only that he slipped and fell outside of a Post Office. He has not described the circumstances surrounding his fall, including "the nature and extent of the alleged defect to the sidewalk and/or curb area." DC Mem. at 5. In addition, Muhammad has not alleged facts showing that the District of Columbia knew or should have known about the hazardous condition of any particular sidewalk, walkway or curb. In other words, Muhammad has not "nudged" his negligence claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. It must therefore be dismissed.

### IIED

To successfully plead an IIED claim under District of Columbia law, a plaintiff must allege facts showing "(1) extreme and outrageous conduct on the part of the defendant, which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Johnson v. Paragon Sys., Inc.*, 195 F. Supp. 3d 96, 98-99 (D.D.C. 2016) (quoting *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C. 1982)). As the District of Columbia rightly argues, and like the Rehabilitation Act claim against it discussed below, the IIED claim against it fails as a matter of law because Muhammad has not alleged that a District of Columbia employee

engaged in any misconduct, extreme or otherwise. DC Mem. at 7-8. This count appears to be based upon the alleged conduct of Defendant Jane Doe, a USPS employee. *See* Compl. ¶¶ 21-23, 47-50. However, "the District of Columbia is 'an independent political entity,' not a part of the federal government," *Amiri v. United States*, 360 F. App'x 166, 167 (D.C. Cir. 2010) (quoting *Cannon v. United States*, 645 F.2d 1128, 1137 n.35 (D.C. Cir. 1981)), and therefore separate from the USPS, which is "part of the federal government," *Robinson v. Runyon*, 149 F.3d 507, 516 (6th Cir. 1998).[3] Thus, this count does not state a claim against the District of Columbia.

In light of all of the above, Muhammad's tort claims for negligence (Count One) and IIED (Count Three) are dismissed against the District of Columbia.

### 2. Rehabilitation Act Claim (Count Two)

Muhammad's Rehabilitation Act claim alleges that he suffered discrimination based on his disability. *See* Compl. ¶¶ 35-45. As discussed below, the Court agrees with both Defendants that this claim should be dismissed.

#### a. Against the United States

The United States asserts that Muhammad's claim under the Rehabilitation Act "is without merit" because it is conclusory and "does not identify any discriminatory conduct of the Postal Service that would violate Plaintiff's right[s]." US Mem. at 6. The Court agrees.

Section 504 provides, in pertinent part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal

---

[3] Muhammad is therefore incorrect when he characterizes the District of Columbia as a "Postal Defendant." *See* Compl. ¶ 10.

> financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). "To prove a violation of section 504, . . . plaintiffs must show that (1) they are disabled within the meaning of the Rehabilitation Act, (2) they are otherwise qualified, (3) they were excluded from, denied the benefit of, or subject to discrimination under a program or activity, and (4) the program or activity is carried out by a federal executive agency or with federal funds." *Am. Council of the Blind v. Paulson*, 525 F.3d 1256, 1266 (D.C. Cir. 2008).

Muhammad's allegations fail to establish that he was excluded from, denied the benefits of, or discriminated against within any "program or activity" for which he was otherwise qualified. As the United States correctly observes, his claim presumes that he "has a right to use the restroom or the right to have the Postal Service contact 911." US Mem. at 6; *see* Compl. ¶ 53. On its face, neither constitutes a government program that Muhammad was qualified to access. Muhammad does not allege that bathrooms and phone calls themselves constitute programs or activities that the USPS offers to the general public, and common sense suggests that they are not. Nor does Muhammad allege that the USPS, by failing to make its bathrooms and telephones available to the disabled, has denied them access to services it offers to non-disabled people, thereby "refus[ing] to accommodate otherwise qualified disabled individuals." *Am. Council of the Blind*, 525 F.3d at 1260; *see Smith v. Henderson*, 944 F. Supp. 2d 89, 104-06 (D.D.C. 2013). Finally, Muhammad offers no facts that could support an inference that he was otherwise discriminated against *due to* his disability. Therefore, this count must be dismissed as to the United States.[4]

---

[4] The United States also argues that Muhammad's complaint "fails to put forth any facts that show he fits the description of disabled under the Rehabilitation Act, other than stating he qualifies as an individual with a disability." US Mem. at 6. But "because Plaintiff proceeds in this matter *pro se,* the Court must consider not only the facts alleged in Plaintiff's Complaint, but

11

### b. Against the District of Columbia

Like the United States, the District of Columbia argues correctly that Muhammad's conclusory allegations of a violation under the Rehabilitation Act cannot withstand a motion to dismiss. *See* DC Mem. at 6-7. In addition to the reasons set forth above with respect to the United States, Muhammad's Rehabilitation Act claim against the District of Columbia fails as a matter of law because he has not alleged that a District of Columbia employee engaged in any misconduct, discriminatory or otherwise.

For the foregoing reasons, Muhammad's Rehabilitation Act claim (Count Two) is dismissed in its entirety.

### 3. Fourteenth Amendment Claim (Count Four)

Count Four is grounded in the actions of Defendant Jane Doe, who allegedly "deliberately and intentionally and unconstitutionally discriminated against Plaintiff . . . on the basis of his Islamic Religious Beliefs and/or his Physical Disabilities and/or his Race, so as to deny him equal protection of the law." Compl. ¶ 53. The count alleges violations of the Fourteenth Amendment. *Id.* The Court will grant both Defendants' motion to dismiss this count.

### a. Against the United States

The Fourteenth Amendment does not apply to the federal government. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954) ("[T]he Fourteenth Amendment . . . applies only to the states.").

---

also the facts alleged in the various other documents Plaintiff has filed thus far in this case." *Washington v. AlliedBarton Sec. Servs., LLC*, No. 16-cv-1283 (CKK), 2018 WL 707482, at *1 (D.D.C. Feb. 5, 2018) (citing *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). Other filings explain that Muhammad receives Social Security disability payments, *see* ECF No. 2, suffers from "severe" impairments to his sight, speech, and mobility, *see* ECF No. 3, is "mildly hearing impaired," ECF No. 19 at 4, and has "both severe diabetes and severe multiple sclerosis," *id.* at 5. Thus, while the United States' other arguments merit dismissal of this count, this one does not.

However, the Supreme Court has "allowed a *Bivens* action [against individual federal employees] to redress a violation of the equal protection component of the Due Process Clause of the Fifth Amendment." *Iqbal*, 556 U.S. at 675 (examining implied causes of action recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). Muhammad fails to make out such a claim.

Muhammad does not sufficiently allege any form of discrimination based on his disability, as already explained above. Nor does he plausibly allege discrimination based on his religion or race. That claim requires Muhammad to "plead and prove that the defendant acted with discriminatory purpose." *Iqbal*, 556 U.S. at 676. Here, Muhammad has alleged only that because Jane Doe would not let him use the bathroom or call 911 on his behalf, she discriminated against him on the various bases described. *See* Compl. ¶ 53. He alleges no facts suggesting that Jane Doe was motivated by animus, or even that any person of a different race or religion was ever given the benefits he claims he was improperly denied. Such allegations are "insufficient to demonstrate a . . . discriminatory purpose behind Defendant's actions and, therefore, insufficient to 'plausibly give rise to an entitlement to relief' under the Equal Protection Clause." *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 159 (D.D.C. 2014) (quoting *Iqbal*, 556 U.S. at 679); *see also George v. Napolitano*, 693 F. Supp. 2d 125, 131 (D.D.C. 2010) (dismissing equal protection claim where plaintiff failed to allege differential treatment "based on race or ethnicity or based on an improper motive"). Because Muhammad has offered only "labels and conclusions" and at most "a formulaic recitation of the elements" of an equal protection claim against the United States, that claim must be dismissed. *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### b. Against the District of Columbia

The Fourteenth Amendment also does not apply to the District of Columbia. *Propert v. District of Columbia*, 948 F.2d 1327, 1330 n.5 (D.C. Cir. 1991) ("Because D.C. is a political entity created by the federal government, it is subject to the restrictions of the Fifth Amendment, not the Fourteenth."). Nonetheless, "the Equal Protection Clause of the Fourteenth Amendment applies to the District of Columbia through the Due Process Clause of the Fifth Amendment." *Dixon v. District of Columbia*, 666 F.3d 1337, 1339 (D.C. Cir. 2011) (citation omitted).

As with previous counts that are directed to the alleged conduct of Jane Doe, however, this Count does not state a claim against the District of Columbia. Doe is alleged to be an employee of the USPS, not the District of Columbia. As such, the complaint does not allege that the District of Columbia is responsible for any alleged misconduct. In addition, as discussed above, Muhammad has pleaded no facts to support the inference that he suffered an act of discrimination based on his race, religion, or disability, much less discrimination motivated by an invidious purpose.

For all of the above reasons, Muhammad's Fourteenth Amendment claim (Count Four) will also be dismissed in its entirety.

## IV. Conclusion and Order

For the reasons set forth above, the Court **ORDERS** that:

1. The District of Columbia's Motion to Dismiss, ECF No. 9, is **GRANTED**, and all claims against the District of Columbia are dismissed without prejudice;

2. The United States' Motion to Dismiss, ECF No. 16, is **GRANTED IN PART** as to Counts Two and Four, which are dismissed without prejudice, and **DENIED IN PART** as to Counts One and Three; and

3. Muhammad's motions to vacate certain minute orders and to transfer this case to the District of Maryland, ECF Nos. 24 and 28, are **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 7, 2018