# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| RAHEEM MUHAMMAD,<br><br>      *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA *et al.*,<br><br>      *Defendants*. | Civil Action No. 16-1079 (TJK) |

## MEMORANDUM OPINION AND ORDER

This matter is currently before the Court on a motion to dismiss for lack of prosecution and non-compliance with the Court's orders, ECF No. 45, filed by the remaining defendants: the United States of America, Megan J. Brennan, Patrick R. Donahue, Gerald Roane, Jane Doe Bello, and Jane Doe (collectively, "Federal Defendants"). In response, Plaintiff Raheem Muhammad, proceeding *pro se*, has filed, *inter alia*, a motion to strike Federal Defendants' motion, *see* ECF No. 49. Also pending before the Court are several requests by Plaintiff for reasonable and meaningful accommodations, for the appointment of counsel, and to transfer the case. *See* ECF Nos. 41, 47, 50.

For the reasons stated herein, the Court will defer ruling on Federal Defendants' motion to dismiss, and Plaintiff's motions and requests for relief will be denied. Should Plaintiff fail to confer with Federal Defendants as directed below, Federal Defendants' motion will be granted, and this matter will be dismissed promptly for lack of prosecution.

## I. Factual and Procedural Background

Plaintiff originally brought this action against Federal Defendants and the District of Columbia. *See* ECF No. 1 ("Compl.") at 1–2. He alleges that he suffered injuries when he

slipped and fell on a sidewalk outside a Post Office in the District of Columbia. *Id.* ¶¶ 16–17. He seeks $1 million in compensatory damages. *Id.* at 13. Plaintiff alleges negligence due to lack of sidewalk maintenance, which he believes was motivated by "racism and apathy." *Id.* ¶ 24–34.

On August 12, 2016, the District of Columbia filed a motion to dismiss under Federal Rule of Civil Procedure 12(b). ECF No. 9. On December 16, 2016, Federal Defendants also filed a motion to dismiss under Rule 12(b). ECF No. 16. On January 27, 2017, the Court informed Plaintiff of his obligation to respond these motions, providing a deadline of March 3, 2017. *See* ECF No. 18 at 2. He was advised of the potential consequence of dismissal should he fail to respond. *See id.* Instead of filing an opposition, on March 1, 2017, Plaintiff filed his first motion to appoint counsel. ECF No. 19.

On April 6, 2017, the Court denied Plaintiff's motion to appoint counsel. *See* ECF No. 20. At the same time, the Court extended Plaintiff's opposition deadline to May 15, 2017. *See id* at 2. On April 12, 2017, Plaintiff filed a "Renewed Motion for an Enlargement of Time to File a Formal Response(s) to Defendant(s)['] . . . Frivolous Motion(s) to Dismiss Plaintiff's Complaint(s)." ECF No. 21 at 2. He also filed a "Motion to Immediately Remove [Defense] Attorneys." ECF No. 22 at 2. On May 3, 2017, the Court issued a Minute Order granting Plaintiff's motion for an extension of time, allowing him an additional month to file his oppositions no later than June 16, 2017, or, as previously advised, risk summary dismissal. That same day, the Court issued a second Minute Order denying Plaintiff's motion to remove Defendants' attorneys as "baseless." On May 12, 2017, Plaintiff moved to vacate both Minute Orders and requested transfer of the case to the District of Maryland. ECF No. 24. On June 26, 2017, Plaintiff then filed a renewed motion to vacate the two Minute Orders. ECF No. 28.

On September 18, 2017, the case was directly reassigned to the undersigned. And on March 7, 2018, the Court issued a Memorandum Opinion and Order: (1) granting the District of Columbia's motion to dismiss in its entirety, (2) granting Federal Defendants' motion to dismiss as to Counts Two and Four (for violations of the Rehabilitation Act of 1973 and the Fourteenth Amendment, respectively) but denying the motion as to Counts One and Three (for negligence and intentional infliction of emotion distress, respectively), and (3) denying Plaintiff's motions to vacate and requests to transfer the case. *See* ECF No. 29. Plaintiff appealed these decisions to the District of Columbia Circuit.[1] *See* ECF No. 30.

Meanwhile, on April 2, 2018, the Court ordered that Federal Defendants answer the complaint. *See* Min. Order of Apr. 2, 2018. On August 29, 2018, Federal Defendants filed an answer. ECF No. 35. An Initial Scheduling Conference ("ISC") was scheduled for October 2, 2018, and the parties were ordered to meet and confer and to submit a joint report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3 in anticipation of that conference. *See* Min. Order of Aug. 30, 2018. On September 24, 2018, Federal Defendants filed a motion for an extension of time to file the joint report, ECF No. 38, indicating that, despite their efforts to contact Plaintiff by letter and telephone, he had not responded to their requests to meet and confer in advance of the ISC. To date, he has not provided an email address to the Court or opposing counsel. *See id.* ¶ 3.

On September 25, 2018, the Court issued an Order rescheduling the ISC for November 8, 2018. ECF No. 40. In the same Order, the Court noted that Plaintiff's conduct violated the prior

---

[1] On January 29, 2019, the District of Columbia Circuit (1) denied Plaintiff's request for reasonable and meaningful accommodations, (2) denied Plaintiff's request for transfer and mandamus relief, and (3) dismissed the appeal for lack of prosecution for failure to address the arguments raised in Federal Defendants' filings. *See Muhammad v. United States*, No. 18-5103 (D.C. Cir. Jan. 29, 2019) (per curiam).

3

Minute Order of August 30, 2018.  *See id.* at 1.  The parties were again instructed to meet and confer and to submit a joint report, and Plaintiff was specifically directed to promptly contact opposing counsel to begin the meet-and-confer process.  *See id.*  He was also explicitly warned that if he failed to meet and confer, or to attend the rescheduled ISC, the matter may be dismissed for want of prosecution or for violation of the Court's orders.  *See id.*

On October 10, 2018, Plaintiff filed his Fourth Renewed Motion for Reasonable and Meaningful Accommodations, for Appointment of Counsel, and to Transfer the Case ("Fourth Combined Motion").  ECF No. 41.  On November 1, 2018, Federal Defendants filed another motion for an extension of time to file a joint status report in advance of the rescheduled ISC, ECF No. 42, reporting that Plaintiff had once again failed to respond in any manner to their repeated attempts to contact him.  The Court issued Orders on November 5, 2018, ECF No. 43, and December 6, 2018, Min. Order of Dec. 6, 2018, vacating the ISC and waiving the requirement to submit a joint statement.  Based on the circumstances, the Court directed Federal Defendants to respond to Plaintiff's Fourth Combined Motion and to file a motion to dismiss for failure to prosecute, if they were so inclined.  *See* ECF No. 43; Min. Order of Dec. 6, 2018.  In these Orders, the Court once again highlighted Plaintiff's lack of compliance and the attendant consequences.  *See* ECF No. 43, Min. Order of Dec. 6, 2018.

Federal Defendants filed the instant motion to dismiss for lack of prosecution and non-compliance, ECF No. 45 ("MTD"), on December 17, 2018.  On December 29, 2018, Plaintiff filed a response to the Court's Orders of November 5 and December 6, 2018, combined with a Fifth Renewed Motion for Reasonable and Meaningful Accommodations, for Appointment of Counsel, and to Transfer the Case ("Fifth Combined Motion").  *See* ECF No. 46.  On December 31, Plaintiff filed a motion to strike, apparently directed at Federal Defendants' motion to

4

dismiss. *See* ECF No. 49 ("MTS"). On January 2, 2019, the Court again advised Plaintiff of his obligations to specifically respond to Federal Defendants' pending motion to dismiss, providing him with a deadline of January 16, 2019. ECF No. 48. On January 31, 2019, Plaintiff filed a response to the Court's Order of January 2, 2019 ("Second Response"). *See* ECF No. 50.

**II.      Legal Standard**

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also* LCvR 83.23 ("A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion.").[2] "A Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (per curiam). Dismissal may be supported by "evidence in the record of 'bad faith, deliberate misconduct, or tactical delay.'" *Gardner v. United States*, 211 F.3d 1305, 1309 (D.C. Cir. 2000) (quoting *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 188 (D.C. Cir. 1985)).

The D.C. Circuit has further held that the considerations relevant to the determination of a Rule 41(b) motion include: (1) the effect of a plaintiff's conduct on the court's docket, (2) whether the defendant has been prejudiced by the plaintiff's conduct, and (3) whether deterrence "is necessary to protect the integrity of the judicial system." *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990) (citation omitted). A malfeasant party places a severe burden on the judicial system if "the court [is required] to expend considerable judicial resources in the

---

[2] Under Federal Rule of Civil Procedure 16(f)(1), the Court also may levy sanctions against a party, including dismissal, for failing to appear at a scheduling conference or for failing to obey a pretrial order. *See Freedom Watch, Inc. v. U.S. Dep't of State*, 324 F.R.D. 20, 23 (D.D.C. 2018).

future in addition to those it has already wasted." *Gardner*, 211 F.3d at 1309 (citations omitted) (first alteration in original).

"The court's authority to dismiss a case for failure to prosecute or failure to follow the court's orders is not discarded simply because a plaintiff is proceeding *pro se*." *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011). Although a *pro se* plaintiff is afforded leeway in prosecuting his case, "such leeway does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure," a court's local rules, or a court's orders. *See Moore v. Robbins*, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (internal quotation marks omitted).

### III.     Analysis

The Court will first address Plaintiff's pending motions and filings before proceeding to Federal Defendants' motion to dismiss.

#### A.     Plaintiff's Pending Motions & Filings

##### 1.     Plaintiff's Fourth Combined Motion

In his Fourth Combined Motion, which was partly addressed in the Court's Order of November 5, 2018, *see* ECF No. 43, Plaintiff again requests "reasonable and meaningful accommodations" and the appointment of counsel. *See* Fourth Combined Mot. ¶¶ 8–10, 20–23, 27–28, 30, 30–33. He also again requests that the Court transfer the action, either to the District of Maryland or the Central District of California. *See id.* ¶¶ 4, 11.

Plaintiff claims that he is unable to meet and confer with the Federal Defendants because he has visual, speech, and mobility impairments. *Id.* ¶¶ 7, 16, 21, 24. He does not explain why, despite his clear ability to understand the Court's orders and respond in writing to them, he is nevertheless unable to respond in any way to Federal Defendants' repeated attempts to contact him, including by letter. *See* ECF No. 38 ¶¶ 2–3; ECF No. 39; ECF No. 42 ¶ 5; ECF No. 42-1. Plaintiff has not demonstrated any difficulty with written correspondence or submissions. To the

contrary, he has filed copious and lengthy documents in this matter. Thus, he has not shown that he needs accommodations, regardless of whether he would even be entitled to them, to confer in writing with opposing counsel, file a status report, or file an opposition to Federal Defendants' motion to dismiss. Moreover, though he requests use of audio-visual technology at future oral arguments, motions hearings, and trial, *see* Fourth Combined Mot. ¶ 8, those premature requests do not bear on his ability to comply with the orders of the Court or the local rules *at this stage* of the proceedings.

Plaintiff further indicates that the only way he can participate in an ISC is with appointed counsel. And it appears that Plaintiff refuses to attend any ISC, remotely or otherwise, until his ultimatum for appointment of counsel is met. *Id.* ¶¶ 27, 30–33. But the Court already denied Plaintiff's request for counsel, pursuant to the Order issued on April 6, 2017. *See* ECF No. 20. And Plaintiff merely reiterates in his most recent request the same bases for the appointment of counsel he provided in his initial motion. *Compare* ECF No. 19 ¶¶ 2, 4–5, 14, 21, *with* Fourth Combined Mot. ¶¶ 8–10, 20–23, 27–28, 30, 32–33. The Court sees no reason to depart from its initial determination now. As explained, civil litigants have neither a constitutional right nor a statutory right to the assistance of counsel. *See* ECF No. 20 (citing *Willis v. F.B.I.*, 274 F.3d 531, 532–33 (D.C. Cir. 2001)). Where, as here, a party is proceeding *in forma pauperis*, the Court may appoint counsel if warranted upon consideration of the factors set forth in Local Civil Rule 83.11(b)(3). But having again considered those factors and the limited availability of pro bono resources, the Court still finds, at the very least, that appointment of counsel is unwarranted prior

to Plaintiff's participation in the meet and confer process, attendance at an ISC, or resolving the pending motion to dismiss.³

Lastly, the Court will again deny Plaintiff's renewed request to transfer this matter. The Court already denied Plaintiff's requests to transfer this matter to the District of Maryland and sees no reason to revisit that decision. *See* ECF No. 29 at 2 n.2. Because the incident giving rise to this action occurred in the District of Columbia, *see* Compl. ¶¶ 16–17, the Court found that venue is proper in the District of Columbia, *see* ECF No. 29 at 2 n.2. And Plaintiff did not provide any basis upon which this Court could transfer the case to Maryland. *Id.* (citing 28 U.S.C. §§ 1404, 1406). Plaintiff now again moves to transfer the case to either the District of Maryland or the Central District of California, but he still fails to provide any basis justifying either transfer.

Plaintiff admits that the relevant incident occurred in Washington, D.C. *Id.* ¶¶ 2, 4. In large part, Plaintiff argues that this case should be transferred because he disagrees with the fairness of this Court's prior decisions, expressed in inflammatory, sweeping accusations levied against this Court and others. *See id.* ¶¶ 1–6, 34–39. This is not a valid basis for transfer. *See Smith v. Yeager*, 234 F. Supp. 3d 50, 55 (D.D.C. 2017) (outlining the factors to be considered when a party moves to transfer venue). He also argues that, because he is "not a legal resident" of the District of Columbia, venue is improper. Fourth Combined Mot. ¶ 4. But 28 U.S.C. § 1402(b) specifically provides that "[a]ny civil action on a tort claim against the United States

---

³ The Court further notes that Federal Defendants in their first motion to dismiss only argued that Plaintiff's remaining counts—claims of negligence and intentional infliction of emotional distress against Federal Defendants under the FTCA—should be dismissed because they were time-barred. *See* ECF No. 16-1 at 5. They did not address the merits of Plaintiff's claims. The Court, however, has considerable doubts, in part made clear in the Court's discussion of the District of Columbia's motion to dismiss the claims against it, *see* ECF No. 29 at 8–10, that Plaintiff has stated claims upon which relief can be granted.

under [the FTCA] may be prosecuted . . . in the judicial district . . . wherein the act or omission complained of occurred." Accordingly, Plaintiff's Fourth Combined Motion will be denied.

### 2. Plaintiff's Fifth Combined Motion, Second Response, and Motion to Strike

Plaintiff's Fifth Combined Motion, Second Response, and motion to strike all duplicate the requests for relief contained within the Fourth Combined Motion. He also makes one additional argument—namely, that he has not received Federal Defendants' motion to dismiss. *See, e.g.*, Fifth Combined Mot. at 9–10; Second Response at 4–9; MTS at 5–8. But this new allegation is similarly without merit.

To the extent Plaintiff seeks to strike Federal Defendants' motion to dismiss on the ground that they failed to properly serve the motion on him, *see* Second Response at 9, Plaintiff's argument must fail. As an initial matter, the Court notes that "motions to strike only apply to pleadings," *Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 190 (D.D.C. 2005) (citing Fed. R. Civ. P. 12(f)), and Federal Defendants' motion to dismiss is not a pleading as defined in Federal Rule of Civil Procedure 7(a). Moreover, none of the bases for striking a pleading under Rule 12(f)—raising "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"—appear to include failure to properly serve a party with that pleading.

Nonetheless, even if Federal Defendants' motion were subject to a motion to strike and failure to properly serve was a proper ground to strike that motion, Plaintiff's allegations have no merit. Despite his contentions to the contrary, Federal Defendants have in fact attached signed certificates of service with all of their filings, including the motion to dismiss. *See* ECF 45-1. The certificate accompanying Federal Defendants' motion to dismiss avers that the motion was mailed to the Plaintiff at his address of record. *Id.* Indeed, Plaintiff does not dispute that the Rockville address is correct. *See, e.g.*, Fourth Combined Mot. at 16; Fifth Combined Mot. at 10.

9

Federal Rule of Civil Procedure 5(b)(2)(C) states that proper service is accomplished by "mailing [a copy] to the person's last known address—in which event service is complete upon mailing." Service is deemed complete at the moment the document is properly posted and deposited for mailing. *United States v. Kennedy*, 133 F.3d 53, 59 (D.C. Cir. 1998). Under Rule 5(b), Federal Defendants are only obligated to show that they mailed a copy of the motion to Plaintiff, and not that he actually received it. *Id.*

Furthermore, the Court notes that Plaintiff has acknowledged Federal Defendants' efforts to serve him with documents by mail. In October 2018, Plaintiff stated that Federal Defendants are "constantly trying to send him mail," but that he takes umbrage with some of their attempts to send him mail via certified, restricted, or registered delivery. Fourth Combined Mot. ¶ 35. He then describes his intention to reject any future mailings and to instruct the Postal Service to return them to the senders. *See id.* This behavior is tantamount to intentional evasion of service.

Beyond his claim that he never received Federal Defendants' motion, Plaintiff in these filings merely reiterates the arguments for accommodations, to appoint counsel, and to transfer the case that he made in his Fourth Combined Motion—arguments the Court has already addressed— and thus the Court will deny Plaintiff's Fifth Combined Motion, his motion to strike, and the requests he makes in his Second Response to the Court.

    **B.    Federal Defendants' Motion to Dismiss**

Turning finally to Federal Defendants' motion to dismiss, Federal Defendants seek dismissal of the action under Rule 41(b) based on Plaintiff's repeated failures to comply with the Court's orders and both the Federal Rules of Civil Procedure and this Court's local rules. MTD at 1. They also highlight Plaintiff's refusal to respond to their efforts to confer over the course

of several months.  *Id.* at 7.  As to Federal Defendants' characterization of Plaintiff's conduct, the Court finds that the record in this matter, as examined in more detail below, speaks for itself.

Plaintiff has exhibited a pattern of disregard, and at times has outright flouted the Court's orders.  This pattern began as early as March 2017 and has continued and intensified to date.  He has failed to heed numerous warnings regarding the consequences of failing to comply with such orders.  *See, e.g.*, ECF No. 18 (Jan. 27, 2017), ECF No. 20 (Apr. 6, 2017); Min. Order of May 3, 2017; ECF No. 40 (Sept. 25, 2018); ECF No. 43 (Nov. 5, 2018); ECF No. 48 (Jan. 2, 2019).  And he has made no effort to communicate responsively or cooperatively with the Court or opposing counsel and has declined to genuinely litigate this case.  *See* MTD at 7–8 (citing examples).

As Federal Defendants outline in their motion to dismiss, Plaintiff has, in particular, failed to comply with any of the Court's directives or the applicable federal and local rules regarding advancing this litigation forward following the resolution of Federal Defendants' first motion to dismiss.  On August 30, 2018, after Federal Defendants answered Plaintiff's remaining claims, the Court entered a Minute Order scheduling an ISC and ordering the parties "to meet, confer, and submit a joint report pursuant to FRCP 26(f) and Local Rule 16.3."  On September 25, 2018, Federal Defendants filed a motion seeking an extension of time to file the joint report, representing that counsel had called Plaintiff multiple times and had sent two letters to Plaintiff's address of record but received no response.  *See* ECF No. 38 ¶¶ 2–3.  Accordingly, the Court entered an order rescheduling the ISC and stating:

> Plaintiff shall promptly contact counsel for the remaining Defendants . . . to begin the meet-and-confer process.  **Plaintiff is warned that, if he fails to meet and confer with the remaining Defendants, or if he fails to attend the scheduling conference on November 8, 2018, this case may be dismissed for want of prosecution or for violation of the Court's orders.**

ECF No. 40 at 1–2.  Rather than heed those instructions, on October 10, 2018, Plaintiff instead filed his Fourth Combined Motion, in which he states his outright refusal to attend scheduling conferences based on his dissatisfaction that the case was not transferred or that counsel was not appointed.

On November 1, 2018, Federal Defendants filed another motion seeking an extension of time to file a joint report, again representing that they had attempted to contact Plaintiff at his Maryland address, as Plaintiff has specifically requested, but received no response.  *See* ECF No. 42.  Accordingly, the Court vacated the ISC, noted Plaintiff's continued failure to comply with the Court's orders, and instructed Federal Defendants, if they believed the action should be dismissed under Federal Rule of Civil Procedure 41(b), to file a motion for dismissal.  ECF No. 43.  In response to that order, Plaintiff filed his Fifth Combined Motion, once again requesting accommodations, the appointment of counsel, and transfer of the case.  *See* ECF No. 46.  But he still fails to explain why, despite his ability to file multiple, lengthy motions and the Court's observation that such conduct indicates he should be able to participate at least to some degree in the meet-and-confer process, *see* ECF No. 43 at 1, Plaintiff was unable to respond in any respect to Federal Defendants' repeated attempts to contact him.

On January 15, 2019, after the Court instructed Plaintiff to respond to Federal Defendants' motion or risk dismissal of the action, Plaintiff filed a response in which he claimed that he had not received a copy of Federal Defendants' motion.  *See* Second Response at 4.  As already explained, the Court is skeptical of that claim, particularly given Plaintiff's previous suggestions that he would reject any attempt to serve filings on him by mail.  *See* Fourth Combined Mot. ¶ 35.  But regardless, Plaintiff asserts that he has been informed of the contents

of the motion,[4] and in his own filing, he does substantively respond to Federal Defendants' arguments for dismissal, disputing their representations that they had attempted to contact him and further noting that dismissal without prejudice, as they recommended, would bar him from refiling in a different district due to the statute of limitations. *See* Second Response at 6; MTS at 5–6. Plaintiff offers no evidence that either supports his contention that Federal Defendants did not try to contact him or rebuts their documentation that shows otherwise. *See* ECF No. 39-1, Ex. B (letters addressed to Plaintiff's Rockville, Maryland address); ECF No. 42-1 (same). Nor does Plaintiff describe any attempt of his own to contact Federal Defendants and work to move the litigation forward.

In sum, Plaintiff fails to offer any credible or compelling response to Federal Defendants' motion. Rather, his repeated filings have merely re-raised demands already denied by the Court. He describes no attempts to comply with the Court's instructions, and his repeated rebukes of the Court's orders have only obstructed the progress of this matter and prevented it from progressing towards resolution. This behavior suggest that Plaintiff's obduracy will merely continue and that he has little interest in genuinely litigating his claims in this Court. For those reasons, the Court finds that deterrence is required, and that this Court's docket, already negatively affected, will

---

[4] Specifically, Plaintiff states that he is in contact with "undisclosed individuals" who have access to the Court's electronic docket, and that those individuals have apprised him of the contents of Federal Defendants' motion. *See* Second Response at 5–6. Purportedly relying on those sources, Plaintiff is able to cite to specific portions of the motion and offer arguments in opposition. In fact, it appears his "undisclosed" sources have described the motion in such detail that Plaintiff can *accurately quote* specific language from the motion. *See id.* at 6; MTS at 6 (both quoting MTD at 9 n.3). At bottom, even assuming *arguendo* that Plaintiff never received a copy of the motion by mail, it is clear that he has been able to access it and meaningfully respond. Furthermore, because the basis of Federal Defendants' motion—Plaintiff's failure to comply with the Court's directives and the federal and local rules—is conduct that this Court has repeatedly pointed out to Plaintiff, he has had numerous opportunities to explain his failure to comply.

continue to be obstructed if this matter continues as it has.  *See Bristol Petroleum Corp.*, 901 F.2d at 167 (noting that courts should consider the "effect of a plaintiff's dilatory or contumacious conduct on the court's docket" and "whether deterrence is necessary to protect the integrity of the judicial system" when deciding whether to dismiss a case under Rule 41(b)).

As for an appropriate sanction, these circumstances strongly weigh in favor of dismissal for failure to prosecute and to abide by this Court's orders.  The authority to dismiss suits has long been recognized as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts.  *Link v. Wabash R.R. Co.*, 629–30 (1962); *see also Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (noting that district courts have discretion to dismiss actions for failure to prosecute provided that they explain why dismissal is necessary under the circumstances of the case).

Nonetheless, the Court is mindful of the Circuit's directive that sanctions must be proportionate to the misconduct and that "dismissal is a sanction of last resort to be applied only after less dire alternatives have been explored without success."  *Trakas*, 759 F.2d at 186–87.  To mitigate the severity of dismissal, Federal Defendants' suggest that the action be dismissed without prejudice, in which case Plaintiff could refile his complaint in the District of Maryland where he apparently wants to litigate this matter.  *See* MTD at 9 n.3.  But as Plaintiff rightly points out, it appears that the statute of limitations has run on his remaining claims, *see* ECF No. 29 at 7–8; Second Response ¶ 6, and thus dismissal without prejudice would in effect serve as a dismissal with prejudice.  Although, for the reasons articulated, the Court finds that Plaintiff's conduct would otherwise warrant dismissal, the harshness of that sanction in this particular case leads the Court to afford Plaintiff a final opportunity to comply with the Court's instructions and

14

litigate this case. Therefore, the Court will defer ruling on Federal Defendants' motion to dismiss. If Plaintiff fails to meet those obligations, this action will be dismissed promptly.

IV.     **Conclusion and Order**

For all the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Fourth Combined Motion, ECF No. 41, his Fifth Combined Motion, ECF No. 41, his Motion to Strike, ECF No. 49, and his requests for relief in his Second Response to the Court, ECF No. 50, are **DENIED**.

It is further **ORDERED** that the parties shall confer, whether in person, via telephone, or thorough written correspondence, and submit a joint report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3 no later than **March 15, 2019**, at which point the Court will set a date for a scheduling conference. This is Plaintiff's final opportunity to litigate this matter. **If Plaintiff fails to respond to Federal Defendants' attempts to contact him or otherwise neglects to meaningfully confer with Federal Defendants or participate in the filing of a joint report before the March 15 deadline, for the reasons explained in this opinion, Federal Defendants' Motion to Dismiss for Lack of Prosecution, ECF No. 45, will be granted, and this action will be dismissed.**

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: February 15, 2019